**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SACHCHIT KUMAR PANDEY,

      Plaintiff-Appellant,

v.

ROBERT HOMER RUSSELL, II, in his
personal capacity; JUSTIN MARK
HANNEN, in his personal capacity,

      Defendants-Appellees.

No. 11-1366
(D.C. No. 1:11-CV-01341-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Sachchit Kumar Pandey, appearing pro se, appeals from the district court's sua sponte dismissal of his amended verified complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

On May 20, 2011, Pandey, a Colorado resident, filed a verified complaint in the District of Colorado pursuant to "United States Constitution Article VI Clause 2 and 3," "28 U.S.C. § 1331," "28 U.S.C. § 1332," "28 U.S.C. § 1357," "28 U.S.C. § 1359," "4 U.S.C. § 101," "4 U.S.C. § 102," 28 U.S.C. § 1366," "28 U.S.C. § 1361," "28 U.S.C. § 1391," and "28 U.S.C. § 1411." ROA, Vol. 1 at 3-4. The complaint named as defendants Robert Homer Russell II and Justin Mark Hannen, both state district court judges.

According to the complaint, Pandey was involved in "a domestic relations case # 06 DR 046 of dissolution of marriage" in the District Court of Arapahoe County, Colorado. Id. at 6. Defendant Russell was allegedly assigned to preside over the case and ultimately "ordered . . . Pandey . . . to pay child support of over twelve hundred dollars a month," "terminated the meager spousal support that resulted in [Pandey's] dependency on others for [his] sustenance and livelihood," "denied [Pandey the right] to see his son," caused Pandey's "bank accounts [to be] raided, pillaged, robbed and reduced to twenty five dollars," and caused Pandey to be "kidnapped and brought before [the court] on July 7, 2009, handcuffed with chains and shackles on [his] body to address the issue of failure to pay child support." Id. at 7 (emphasis in original). Defendant Hannen was allegedly assigned to preside over the case after Russell recused, and "sentenced

2

[Pandey] to serve 179 days in Arapahoe County Jail." Id. at 8. According to the complaint, Pandey, while in jail, "was beat up severely requiring eighteen stitches on [his] lips, with bruises all over the face and bloodied nose and was in constant fear for [his] life." Id.

The complaint alleged that Russell and Hannen lacked "oath[s] of office [or] proper and constitutional qualification[s] per the requirements as mandated in the Colorado Constitution," id. at 5, and in turn described Russell and Hannen as "imposter[s], usurper[s] and criminal trespasser[s] to the office of district judge at the 18th Judicial District in Arapahoe county [sic] in Colorado." Id. at 6. In turn, the complaint sought relief in the form of: (1) vacatur of the defendants' "void orders and judgments . . . with immediate effect from the day of issuance of such void orders," id. at 8; (2) the issuance of "such appropriate orders to other administration at the Federal, State and Local levels to rectify the damages caused by such government and administrative entities including and not limited to the reputation and background and credit record . . . for . . . Pandey," id. at 8-9; (3) "total . . . monetary damages of $6,243,200.00," id. at 9; and (4) an order "command[ing] the United States Attorney's Office to commence prosecution of the defendants per various violations under criminal Title 18 of the United States Code," id.

On May 25, 2011, the magistrate judge assigned to the case issued an order directing Pandey to file an amended complaint on a court-provided complaint form. Id. at 11-12. On June 20, 2011, Pandey filed an amended verified complaint that was

substantially similar to his original verified complaint.

On June 27, 2011, the district court issued an order sua sponte dismissing Pandey's amended verified complaint without prejudice for lack of subject matter jurisdiction. In doing so, the district court first concluded that the amended complaint "appear[ed] to be challenging [Pandey's] state court divorce decree and child support order," and, consequently, was barred by the Rooker-Feldman doctrine. Id. at 52; see Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D. C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). The district court explained that the Rooker-Feldman doctrine precludes state court litigants from using the federal court system to seek appellate review of state court rulings. Second, the district court concluded that, even aside from the Rooker-Feldman doctrine, federal courts generally lack "diversity jurisdiction over divorce and alimony decrees and child custody orders." ROA, Vol. 1 at 53 (citing Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)). Lastly, the district court concluded that "the claims . . . assert[ed] against Judges Russell and Hannen [we]re . . . barred by absolute judicial immunity." Id.

Pandey filed a motion to reconsider. The district court denied that motion by written order on July 13, 2011, noting that "Pandey fail[ed] to demonstrate an intervening change in the controlling law; the availability of new evidence; or the need to correct clear error or prevent manifest injustice." Id. at 74. Instead, the district court noted, Pandey's motion simply "reiterate[d] the same allegations presented in his Amended Complaint . . . ." Id.

Pandey filed a timely notice of appeal.  He has since filed with this court a pro se opening brief, as well as a motion for leave to proceed on appeal without prepayment of costs or fees.

II

Pandey contends on appeal that the district court erred in dismissing his amended verified complaint.  We review the district court's decision de novo.  See Mann v. Boatright, 477 F.3d 1140, 1145 (10th Cir. 2007) (holding that the dismissal of a complaint pursuant to the Rooker-Feldman doctrine is reviewed de novo); Elliott Indus. Ltd. P'ship v. BP America Prod. Co., 407 F.3d 1091, 1105 (10th Cir. 2005) (reviewing de novo "[t]he ultimate question of whether diversity jurisdiction exists"); Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003) (reviewing de novo the district court's dismissal of complaint on grounds of judicial immunity).

After carefully examining the record on appeal and liberally construing Pandey's pleadings, we agree with the district court that Pandey's amended verified complaint was subject to dismissal pursuant to the Rooker-Feldman doctrine.  That doctrine, the Supreme Court has held, applies to cases brought by parties who have lost in state court "complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005).

5

Although Pandey contends that his amended verified complaint alleged viable federal constitutional claims, the fact of the matter is that, accepting all of the factual allegations in that complaint as true, the defendants' alleged misconduct all occurred in the course of Pandey's Colorado state divorce proceedings. More specifically, the amended verified complaint alleges that the defendants, in the course of presiding over the state divorce proceedings, issued various orders detrimental to Pandey, but lacked the official capacity to do so because neither defendant had filed with the Colorado Secretary of State a valid oath of office. Moreover, the amended verified complaint seeks relief, in pertinent part, in the form of vacatur of the orders issued by the defendants in the state divorce proceedings. Although it is true that the amended verified complaint seeks other forms of relief as well, including an award of monetary damages, those claims for relief are inextricably intertwined with the state divorce proceedings because, for Pandey to prevail on those claims, the district court in this case would have to review, and ultimately reject, the orders issued by the defendants in the state divorce proceedings. See Mann v. Boatright, 477 F.3d 1140, 1147 (10th Cir. 2007). Thus, in short, the allegations of the amended verified complaint fall quite clearly within the scope of the Rooker-Feldman doctrine.[1]

---

[1] Because we conclude that Pandey's amended verified complaint was properly dismissed under the Rooker-Feldman doctrine, we need not address the other grounds for dismissal cited by the district court.

The judgment of the district court is AFFIRMED.  Pandey's motion for leave to to proceed on appeal without prepayment of costs or fees is DENIED.

Entered for the Court


Mary Beck Briscoe
Chief Judge